# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>131 M Street, N.E.,<br>Washington, DC 20507,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br>11937 Market Street,<br>Reston, VA 20190,<br><br>    Defendant. | Civil Action No. _____<br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Charging Party Tyler Steele ("Steele"). As alleged with greater particularity below, the Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Apple, Inc. ("Defendant"), unlawfully failed to accommodate Steele's religion (Jewish) and subsequently discharged him because of his religion and/or in retaliation for complaining of and opposing religious-based discrimination, including Defendant's refusal to accommodate his religion in violation of Title VII.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Eastern District of Virginia.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission") is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant is a California corporation, is registered to do business in Virginia, and, at all relevant times, has continuously done business in Virginia and employed at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Steele timely filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant.

7. On May 30, 2025, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. After issuing its Letter of Determination, the EEOC engaged in communications with Defendant to provide it the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 22, 2025, the Commission issued a Notice of Failure of Conciliation to Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Steele began working for Defendant in 2007 at its store located at 11937 Market Street, Reston, Virginia 20190.

13. For most his employment with Defendant, including in 2023 and 2024, Steele worked as an Apple Genuis, providing advice and technical support to customers and conducting repairs to devices.

14. During his employment with Defendant, Steele consistently received positive performance reviews, rating him as a solid contributor, significant contributor, and as achieving expectations.

15. Steele practices Judaism, which includes observing the Sabbath and holy religious Jewish holidays.

16. Steele completed his conversion to Judaism in the spring of 2023.

17. Steele has a sincerely held religious belief that he must abstain from working during the Sabbath, a 24-hour period that begins Friday sundown and ends Saturday sundown.

18. In or around April 2023, Steele asked his then manager, Tom Rockwood, to have his regularly scheduled days off be Fridays and Saturdays for religious reasons because of the Sabbath. Rockwood approved Steele's request.

19. In or around August 2023, Steele's direct supervisor, Rockwood, was transferred from the Reston store and Anthony (known as Frankie) Dosch became the Store Manager for the Reston store.

20. On or around August 8, 2023, Steele submitted time away requests to have September 15-16, 2023 and September 24-25, 2023 off to observe the Jewish religious holidays of Rosh Hashanah and Yom Kippur. His time away requests noted that they were made for religious holidays.

21. On or around August 10, 2023, Dosch denied Steele's time away requests.

22. Following Dosch's denial, Steele informed him of his Jewish faith and that the time off requests were to observe the Jewish religious holidays of Rosh Hashanah and Yom Kippur.

23. Dosch thereafter approved Steele's time away requests but remarked that Steele's faith "explained his beard."

24. Around late August to early September 2023, employees at Defendant's Reston store were asked to provide their preferred days off for their regular schedules.

25. Having already had Fridays and Saturdays approved as scheduled days off by his previous supervisor Rockwood, Steele did not submit further approval of the same.

26. Around September 2023, Dosch told Steele that he could no longer have Fridays and Saturdays as his regularly scheduled days off.

27. Steele told Dosch that he had requested to have Fridays and Saturdays as his days off due to his religion and his observation of the Sabbath.

28. Dosch denied Steele's request and claimed that Defendant's scheduling policy now prevented Steele from having both Friday and Saturday off.

29. Defendant's denial of Steele's request to have Fridays and Saturdays as his regularly scheduled days off forced Steele to work a schedule that violated his religious beliefs by requiring him to work either after sundown on Friday or before sundown on Saturday or otherwise lose his job.

30. Steele's schedule was unfavorably changed to require him to work on Saturdays.

31. On or around September 4, 2023, Dosch told Steele that he "could become a rule Nazi with regards to our policies."

32. On or around October 10, 2023, Dosch pulled Steele aside and preemptively told him not to get into any politics or debates regarding the October 7, 2023 Hamas attack on Israel.

33. A few weeks after being warned not to engage in debates on politics, on November 2, 2023, Dosch issued a written Misconduct/Policy Violation Warning ("Misconduct Warning") to Steele, claiming that Steele had body odor which violated Defendant's Work Attire Policy and Employee Presentation Policy.

34. After receiving the Misconduct Warning, Steele ensured that his work uniforms were clean before his shifts and that he did not have a body odor.

35. As part of his efforts, Steele secured a co-worker to be his "accountability buddy" and alert him to any odors.

36. Throughout the remainder of Steele's employment, his accountability buddy did not notice any body odor from Steele.

37. After issuing the Misconduct Warning, Dosch began standing uncomfortably close to Steele when he was clocking in or working and audibly sniffing him as if trying smell him.

40. On or around November 8, 2023, Steele complained to Lorenzo Turner, Defendant's People Business Partner, about Dosch's antisemitic comments, Dosch's initial denial of his time off requests for Rosh Hashanah and Yom Kippur, and Dosch's denial of his request for Fridays and Saturdays off for the Sabbath.

41. In response, Turner told Steele that Defendant had no obligation to uphold his requests for days off for religious holidays and that whether he could have those days off was up to the discretion of the store manager.

42. On or around November 28, 2023, Steele complained to Defendant's Employee Relations Business Partner David Shaw, Jr. about Dosch's antisemitic behavior, including his comments, the initial denial of his requests for Rosh Hashanah and Yom Kippur off, and the denial of his request to have Fridays and Saturdays off as his regular schedule for the Sabbath.

43. Just days after Steele's complaint to Shaw, on December 2, 2023, Dosch sent Steele home during his shift, claiming he again violated the Employee Presentation Policy, which both Steele and his accountability buddy denied.

44. On or around January 12, 2024, Dosch asked Steele to work on Friday, February 2, 2024.

45. In response, Steele reminded Dosch that he had Fridays as his scheduled day off for religious reasons and that he therefore could not work on Friday, February 2, 2024.

46. Less than a week after Steele reminded Dosch that he could not work Fridays for religious reasons, Defendant terminated him on January 18, 2024.

## CAUSES OF ACTION

### COUNT I: Failure to Accommodate Religion

47. The Commission repeats and incorporates by reference the factual allegations set forth in Paragraphs 12 through 30.

48. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by failing or refusing to provide Steele with a reasonable accommodation of his sincerely held religious beliefs.

49. Steele sincerely holds a religious belief of observing the Sabbath, which requires that he not work Friday sundown to Saturday sundown.

50. Defendant's scheduling policy conflicted with Steele's observation of the Sabbath.

51. Steele informed Defendant of the conflict with his religious beliefs.

52. Defendant refused to accommodate Steele's request to have Fridays and Saturdays as his regularly scheduled days off and instead required him to work at least part of the Sabbath and violate his religious beliefs.

53. Defendant's failure to accommodate Steele's sincerely held religious belief resulted in adverse employment actions against Steele, including an unfavorable change to his work schedule.

54. The unlawful employment practice described above was intentional.

55. The unlawful employment practice described above was done with malice or with reckless indifference to the federally protected rights of Steele.

56. The unlawful employment practices contained in Count I caused Steele emotional and mental anguish, pain and suffering, stress, humiliation, and frustration.

### COUNT II: Discharge Because of Religion

57. The Commission repeats and incorporates by reference the factual allegations set forth in Paragraph 12 through 46.

58. Defendant engaged in an unlawful employment practice in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Steele's employment because of his religion.

59. The effect of the unlawful employment practice complained of in Paragraph 58, above, has been to deprive Steele of equal employment opportunities because of his religion.

60. The unlawful employment practice described above was intentional.

61. The unlawful employment practice described above was done with malice or with reckless indifference to the federally protected rights of Steele.

62. The unlawful employment practices contained in Count II caused Steele emotional and mental anguish, pain and suffering, stress, humiliation, and frustration.

## COUNT III: Retaliation – Discharge

63. The Commission incorporates by reference the factual allegations set forth in Paragraphs 12 through 46.

64. Defendant violated Section 704 of Title VII, 42 U.S.C. § 2000e-3, by retaliating against Steele for complaining about and opposing Defendant's religious discrimination.

65. Defendant retaliated against Steele by terminating his employment.

66. The effect of the unlawful employment practice described in Paragraph 64, above, has been to deprive Steele of equal employment opportunities and otherwise adversely affect his status as an employee because of his conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3a.

67. The unlawful employment practice described above was intentional.

68.　　The unlawful employment practice described above was done with malice or reckless indifference to the federally protected rights of Steele.

69.　　The unlawful employment practices contained in Count III caused Steele emotional and mental anguish, pain, and suffering, stress, humiliation, and frustration.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.　　Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, employees, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of religion and from retaliating against any individual who engages in protected activity under Title VII;

B.　　Order Defendant to institute and carry out such training, policies, practices, and programs that provide equal employment opportunities and ensure Defendant's operations are free from religious-based discrimination and retaliation, including but not limited to: the institution of effective discrimination and retaliation policies and mandatory training on religious discrimination, religious accommodation obligations, and retaliation for all managers and employees;

C.　　Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee on the basis of religion and will not condone religious-based discrimination and/or retaliation and that it will comply with all aspects of Title VII;

D. Order Defendant to make whole Steele by providing appropriate back pay with prejudgment interest in amounts to be determined at trial;

E. Order Defendant to make whole Steele by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, mental anguish, embarrassment, frustration, degradation, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Steele punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award this Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/s/ Christine T. Johnson
CHRISTINE T. JOHNSON
Trial Attorney
D.C. Bar No. 1739030
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
Phone: (202) 921-3022
Facsimile: (202) 827-2349
christine.t.johnson@eeoc.gov

/s/ Joshua Kadel
JOSHUA KADEL
Trial Attorney
Virginia Bar No. 89308
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Telephone: (804) 362-6924
Facsimile: (704) 954-6412
joshua.kadel@eeoc.gov

Dated: September 30, 2025.