IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Plaintiff*,<br>v.<br>APPLE, INC., *Defendant*. | 1:25-cv-01637-MSN-WBP |

ORDER

This matter comes before the Court on the Parties' Joint Motion for Entry of Consent Decree. ECF 42. On August 17, 2026, this Court ordered the Parties to show cause why the Proposed Consent Decree is "fair, adequate, and reasonable" under *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). ECF 43. On August 24, 2026, the Parties filed a Joint Response explaining why the Proposed Consent Decree satisfies *North Carolina*. ECF 44. Having reviewed the Proposed Consent Decree and the Parties Joint Response, and for good cause shown, the Joint Motion for Entry of Consent Decree (ECF 42) is **GRANTED**.

**I. Background**

Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") by discriminating against Tyler Steele. Steele began working for Defendant in 2007. ECF 1 ¶ 12. In 2023, Steele converted to Judaism. *Id.* ¶16. Steel maintains "a sincerely held religious belief that he must abstain from working during the Sabbath, a 24-hour period that begins Friday sundown and ends Saturday sundown." *Id.* ¶ 17. From April 2023 to September 2023, Defendant granted Steele's request "to have his regularly scheduled days off be Fridays and Saturdays for religious reasons because of the Sabbath." *Id.* ¶ 18. In September 2023, however, a new store manager, Anthony Dosch, "told Steele that he could no longer have Fridays and Saturdays as his regularly scheduled days off." *Id.* ¶ 26. When Steele informed Dosch that he requested to have

Fridays and Saturdays as his days off for religious reasons, *id.* ¶ 27, Dosch maintained that Defendant's scheduling policy prevented Steele from having both days off, *id.* ¶ 28. Because of this change, Steele was required to work during the Sabbath. *Id.* ¶ 30.

In October 2023, Dosch told Steele "not to get into any politics or debates regarding the October 7, 2023, Hamas attack on Israel." *Id.* ¶ 32. In November 2023, Dosch issued a Misconduct/Policy Violation Warning ("Misconduct Warning") to Steele, claiming Steele had body odor, in violation of Defendant's workplace policies. Steele raised concerns about each incident to Defendant's People Business Partner and was told that Defendant had no obligation to grant requests for days off for religious holidays. *Id.* ¶¶ 40-41. On January 12, 2024, Dosch asked Steele to work on Friday, February 2, 2024. *Id.* ¶ 44. Steele reminded Dosch that he had Fridays as his scheduled day off for religious reasons. *Id.* ¶ 45. Defendant terminated Steele on January 18, 2024. *Id.* ¶ 46.

Plaintiffs' complaint was filed on September 30, 2025. ECF 1. Defendant filed an answer on April 10, 2026, denying most of the allegations in the complaint. ECF 15.[1] The Parties engaged in discovery, with Defendant producing more than 2,000 pages of documents and Plaintiff producing over 900 pages of documents. ECF 44 at 2; *see also* ECF 34, 35, 41. On August 7, 2026, the Parties filed the present Motion. ECF 42. The requested Consent Decree would enjoin Defendant "from discriminating against any employee or applicant on the basis of religion within the meaning of Title VII," require Defendant "pay Tyler Steele a total of $150,000," require various updates to Defendant's Religious Observance policy and employee trainings on those policies, and would require Defendant to file a report with Plaintiff indicating "the identity of each employee who was denied a religious accommodation in the previous six-month period at any store in the relevant retail market team(s)" and "all complaints of religious discrimination." ECF

[1] Proceedings were stayed from October 10, 2025, to November 18, 2025, based on a lapse in appropriations for Plaintiff. ECF 6 (staying proceedings), 8 (lifting stay).

42-1. All injunctive relief is limited to the relevant retail market team, defined by the Proposed Consent Decree to include the Northern Virginia Market, covering the Apple Reston Store and the Apple Fairfax Corner Store. ECF 44 at 3.

**II. Analysis**

Because "[a] consent decree is a negotiated agreement that is entered as a judgment of the court," "while it is consensual, it remains a judicial document." *Carcaño v. Cooper*, 2019 WL 3302208, at *3 (M.D.N.C. July 23, 2019). As such, "before entering a consent decree," the Fourth Circuit requires the Court "satisfy itself that the agreement 'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). In making that determination, the Court considers "the fairness and adequacy of a proposed settlement," "the strength of plaintiff's case," "the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement." *Id.* "But a trial court approving a settlement need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy." *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D. W. Va. 2000) (approving consent decree). And when, as here, "a government agency charged with protecting the public interest has pulled the laboring oar in constructing the proposed settlement, a reviewing court may appropriately accord substantial weight to the agency's expertise and public interest responsibility." *Id.*

The Proposed Consent Decree satisfies the *North Carolina* factors. First, Plaintiff's lawyers have extensive experience litigating and resolving through consent decrees employment discrimination cases. *See* ECF 44 at 7 (collecting cases involving Plaintiff's counsel). Second, the Parties have engaged in extensive discovery including: (1) written discovery; (2) the deposition of Steele, (3) and the exchange of thousands of pages of documents. Courts in this District have

concluded similar discovery efforts to be sufficient. *See, e.g.*, *EEOC v. Hat World, Inc.*, No. 2:19-cv-00314-RBS-LRL, ECF 33 (E.D. Va. Feb. 12, 2020). Third, it appears the Proposed Consent Decree was negotiated in good faith and is not the product of collusion. As the Parties persuasively note, "[t]he lack of evidence of collusion is demonstrated through the experience of counsel and the two contentious discovery disputes between the Parties." ECF 44 at 9. The monetary relief appears to compensate Steele for lost wages and the compensatory damages remedy Steele's documented emotional damage and is consistent with the statutory damages cap. *Id.* at 9-10. The non-monetary relief is tailored to the allegations in the Complaint and likely to advance the purposes of Title VII. *Id.* at 10. In short, the Proposed Consent Decree will fulfill the preventative and remedial goals of Title VII. It is fair, adequate, and reasonable, and its entry is in the public's interest. Accordingly, it is hereby

**ORDERED** that the Parties' Joint Motion for Entry of Consent Decree (ECF 42) is **GRANTED** and the Parties' Proposed Consent Decree (ECF 42-1) will be **ENTERED**.

The Clerk is directed to forward a copy of this Order to counsel of record.

/s/
Michael S. Nachmanoff
United States District Judge

August 25, 2026
Alexandria, Virginia